UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DWAYNE DOOLIN, <br><br> Plaintiff, <br><br> v. <br><br> JOHN GALIPEAU, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-429-JD-MGG |

OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Doolin alleges that he is allergic to soy and was receiving a soy-free diet while incarcerated at Indiana State Prison. However, on January 22, 2021, he was transferred to Westville Correctional Facility and he was told he had to reapply for a soy-free diet. His request was approved on February 3, 2021, but even after approved, he did not actually receive a soy-free diet until February 22, 2021. Even after he began receiving food trays that should have been soy-free, items containing soy remained on the trays –

namely, powdered milk and peanut butter. Eventually, he stopped receiving powdered milk and peanut butter, but no additional items were added to his trays – he was just expected to make do with less food. He complained and filed grievances throughout this time. By May, his soy-free diet was revoked by Dr. Mitcheff, the regional medical director, after Doolin ordered ramen noodles from commissary, which contain soy.

Doolin sues David E. Leonard and John Harvill for their role in responding to complaints and grievances unfavorably. Doolin has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

Doolin sues Jason English because the order that Doolin receive a soy free diet was not implemented fast enough, because food containing soy remained on his trays even after it was allegedly implemented, and because – when the soy was finally removed from his trays – he was not provided with adequate portions of food. Jason English is the Aramark Supervisor. Doolin does not allege that English was personally involved in implementing the order that Doolin receive a soy-free diet. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Because Doolin does not allege that English was personally involved, Doolin cannot proceed against English.

Doolin also sues Dr. Mitcheff, who allegedly knew he suffered from a soy-allergy and discontinued his soy-free diet because Doolin ordered ramen noodles. Doolin indicates that inmates cannot determine what items contain soy when ordering from commissary. This can be determined only after the item is received. Furthermore, Doolin indicates that he did not eat the ramen noodles he ordered. Rather, ramen noodles are used as a currently among prisoners and can be traded for other items.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v.*

3

*Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, giving Doolin the benefit of the inferences to which he is entitled at this stage of the case, he has stated a claim against Dr. Mitcheff in his individual capacity for denying him a medically necessary diet.[1]

Doolin also sues Warden John Galipeau. Doolin cannot proceed against Warden Galipeau in his individual capacity, however, because he was not personally involved in making decisions regarding Doolin's diet. However, Doolin will be permitted to proceed against Warden Galipeau in his official capacity to receive a constitutionally adequate diet, as required by the Eighth Amendment. See *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Lastly, Doolin asks that the court grant him preliminary injunctive relief in the form of a soy-free diet, a diet with variety like that of inmates not limited to soy-free foods, and a diet with food pairings that are reasonable. For example, Doolin wants his cereal served with milk that does not contain soy, not Kool-Aid. Additionally, he does not want left-over food. The local rules require preliminary injunction requests to be filed as a separate motion. N.D. Ind. L.R. 65-1(a). However, because Doolin is proceeding without a lawyer, the court will consider the request. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v.*

---

[1] Doolin's complaint also alleges that Dr. Mitcheff revoked his soy-free diet as retaliation for complaining. But he has not alleged any facts suggesting a link between any First Amendment activity he engaged in and the allegedly retaliatory action. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Therefore, he will not be granted leave to proceed on a retaliation claim.

4

*Armstrong*, 520 U.S. 968, 972 (1997).  Inmates are entitled to food adequate to meet their dietary needs, but they are not entitled to the food of their choosing, or to "food that is tasty or even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017). For this reason, his request for a preliminary injunction is denied to the extent he is seeking variety, food pairings that are "reasonable," and a diet that does not contain left-over food. As to his request for a soy-free diet, it is unclear if Doolin can meet this burden, but the complaint will be separately docketed as a preliminary injunction and the Warden Galipeau will be ordered to respond.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the amended complaint (ECF 1) as a motion for preliminary injunction;

(2) DENIES the request for preliminary injunction to the extent Dwayne Doolin seeks a diet with variety, food pairings that are reasonable, and no left-over food;

(3) TAKES UNDER ADVISEMENT the request for preliminary injunction to the extent Dwayne Doolin seeks a diet free of soy;

(4) GRANTS Dwayne Doolin leave to proceed against Warden Galipeau in his official capacity for injunctive relief to provide Doolin with a soy-free diet if medically necessary, as required by the Eighth Amendment;

(5) GRANTS Dwayne Doolin leave to proceed against Dr. Mitcheff in his individual capacity for compensatory and punitive damages, for revoking Doolin's soy-

5

free diet in or about May 2021, despite knowledge that Doolin suffers from a documented allergy to soy, in violation of the Eighth Amendment;

(6) DISMISSES all other claims;

(7) DISMISSES David E. Leonard, John Harvill, and Jason English;

(8) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden John Galipeau at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to fax or email the same documents to Warden Galipeau at the Westville Correctional Facility;

(8) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Mitcheff at Wexford of Indiana, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(9) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information;

(10) ORDERS Warden Galipeau to respond to the request for preliminary injunction to the extent it seeks an order that Doolin be provided with a soy-free diet and to provide a sworn declaration or affidavit with supporting medical documentation as necessary by **July 7, 2021**, explaining how the dietary needs of Dwayne Doolin, IDOC # 149318, are being met in a manner that complies with the Eighth Amendment;

(11) GRANTS Dwayne Doolin until **July 21, 2021**, to file a reply to Warden Galipeau's response; and

(12) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Galipeau and Dr. Mitcheff respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 16, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT